**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID W. FAUNCE,<br><br>         Plaintiff,<br><br>v.<br><br>J. MARTINEZ, et al.,<br><br>         Defendants. | Case No. 21-cv-363-MMA (WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**<br><br>[Doc. No. 9] |

Plaintiff David W. Faunce, a California state prisoner proceeding *pro se*, brings this civil rights action against five officials at the R.J. Donovan Correctional Facility pursuant to 28 U.S.C. § 1983. *See* Doc. No. 1. After conducting the requisite screening, the Court directed the U.S. Marshal to effect service upon the named Defendants on Plaintiff's behalf. *See* Doc. No. 4.

Plaintiff now moves for entry of default and default judgment. *See* Doc. No. 9. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

### DISCUSSION

As an initial matter, it appears that Defendants J. Martinez, E. Ortiz, C. Godinez, and T. McWay were served at the R.J. Donovan Correctional Facility, and executed waivers of service, between August 23 and 25, 2021. *See* Doc. Nos. 10–13. The summons and complaint as to Defendant H. Terrel was returned unexecuted on September 7, 2021. *See* Doc. No. 7. Nonetheless, the waivers of service indicate that,

pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(ii), the deadline for filing a response to the complaint is sixty days from July 23, 2021. *See* Doc. Nos. 10–13. Accordingly, Plaintiff's motion is premature as Defendants' time to respond to the complaint has not yet expired.[1]

Moreover, the Court notes that obtaining a default judgment is a two-step process. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, a party must obtain an entry of default under Rule 55(a) from the Clerk of Court; thereafter, the party may seek entry of default judgment under Rule 55(b). *See Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009). Plaintiff has not requested nor obtained entry of default by the Clerk of Court. Accordingly, even if Plaintiff's motion for default judgment was timely, it is procedurally improper. *See, e.g., Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment.").

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for entry of default and default judgment.

**IT IS SO ORDERED**.

Dated: September 20, 2021

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] 60 calendar days from July 23, 2021 is September 21, 2021. Plaintiff filed his motion on September 13, 2021.