UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. FAUNCE, <br><br> Plaintiff, <br><br> v. <br><br> J. MARTINEZ, *et al.*, <br><br> Defendants. | Case No.: 21-CV-363-MMA-WVG <br><br> **ORDER ON PLAINTIFF'S REQUEST FOR DEFAULT OF DEFENDANTS** |

On June 27, 2022, presiding District Judge Michael M. Anello issued an Order on Defendants' Motion to Dismiss that, in relevant part, directed Defendants Allison and Ferrel to respond to Plaintiff's First Amended Complaint no later than 14 days after receipt of service. (Doc. No. 61, 43:6-10.) On July 6, 2022, the Marshal effected service on Defendants Allison and Ferrel. (Doc. Nos. 68, 69.) On July 15, 2022, Defendants Allison and Ferrel submitted their waivers of service to the Court Clerk. (Doc. Nos. 66, 78, Declaration of Corinna Arbiter ("Arbiter Decl."), ¶ 6.) On July 18, 2022, the Court Clerk filed Defendants Allison and Ferrel's waivers of service. (Doc. Nos, 68, 69.) On August 1, 2022, Defendants Allison and Ferrel filed their Answer to the operative February 9, 2022 First Amended Complaint ("FAC"). (Doc. No. 74.)

On July 25, 2022, Plaintiff filed a Motion to Vacate Defendants' Waiver of Service. (Doc. No. 71.) In doing so, Plaintiff moved the Court to "vacate[] and quash[] the spurious waiver of service by the Defendants, and issue an order directing the U.S. Marshal's service to serve Plaintiff's amended complaint to Defendants K. Allison and H. Ferrel as ordered by this Court on 6/27/22." (Doc. No. 71, 1.) The Court denied Plaintiff's request on July 29, 2022 and made clear "Defendants Allison and Ferrel's waiver of service of Plaintiff's Amended Complaint has no bearing on their obligation to timely respond to the Amended Complaint in light of Judge Anello's June 27, 2022 Order." (Doc. No 73, 1:28-2:3.) Despite the Court's July 29, 2022 Order and Defendants Allison and Ferrel August 1, 2022 Answer, Plaintiff filed a Request to Enter Default against Defendants ("Request"), which is now pending before the Court. (Doc. No. 77.)

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55. Default judgments are generally disfavored in the Ninth Circuit because "cases should be decided upon their merits whenever reasonably possible." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.1985). To that end, courts exercise discretion in resolving requests for entry of default judgment and may consider factors such as the possibility of prejudice to the plaintiff, the merits of plaintiff's substantive claim, and the possibility of a dispute concerning material facts. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citing Moore's Federal Practice ¶ 55–05[2], at 55–24 to 55–26) (affirming district court's denial of motion for default judgment given that the defendant "had filed an answer and counterclaim"). "The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits" also informs courts' analyses of requests for entry of default judgment. *Id.* (citing *Islamic Republic of Iran v. Boeing Co.*, 771 F.2d 1279, 1288 (9th Cir.1985).)

/ / /

/ / /

The Court DENIES Plaintiff's Request for Default of Defendants. Defendants have generally appeared in this Action and filed answers to the operative FAC. Moreover, Defendants Allison and Ferrel's August 1, 2022-dated Answer poses no appreciable prejudice to Plaintiff. Defendants Allison and Ferrel elected to waive service consistent with Rule 4 of the Federal Rules of Civil Procedure. (Doc. Nos. 66.) To that end, the Court declined to strike Defendants' waiver of service in its July 29, 2022 Order on Plaintiff's Motion for to Vacate Defendants' Waiver of Service. (Doc. No. 73.) Defendants Allison and Ferrel's Answer to the FAC followed on August 1, 2022, which was 14 days after their waivers of service were filed to the docket.

In his Request, Plaintiff fails to explain how, if at all, he suffered prejudice when Defendants Allison and Ferrel filed their Answer following an executed waiver of service as opposed to directly filing an answer after Judge Anello's June 27, 2022 Order issued. (Doc. No. 61.) Plaintiff merely calls Defendants' waiver of service a "sham," and, from there, concludes the service of Defendants' Answer was improper and thus merits entry of default judgment. Not so. Plaintiff's conclusions are not supported under the facts or the law. Moreover, given the Ninth Circuit's well-established precedent favoring resolution of actions on the merits and that the Parties dispute material facts particularly surrounding Plaintiff's retaliation-based claims, the Court declines to direct entry of default judgment against Defendants in this matter. Plaintiff's Request is DENIED.

**IT IS SO ORDERED.**

Dated: September 13, 2022

Hon. William V. Gallo
United States Magistrate Judge