| | |
|---|---|
| 1 | |
| 2 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID W. FAUNCE, | | Case No.: 21cv363-MMA(LR) |
| | Plaintiff, | |
| v. | | **ORDER FOLLOWING VIDEO CASE MANAGEMENT CONFERENCE** |
| J. MARTINEZ, et al., | | |
| | Defendants. | |

On November 2, 2022, the Court held a video Case Management Conference in this case.  (See ECF No. 97.)  Pursuant to the discussions with the parties during the conference, the Court issues the following **ORDERS**:

1. The parties are to meet and confer regarding their outstanding discovery requests and responses on or before **November 17, 2022**;

2. Defendants are to file an Opposition, if any, to Plaintiff's "Motion to Determine Sufficiency of Admission Responses by Defendant E. Ortiz and Defendant C. Godinez" [ECF No. 59] on or before **November 30, 2022**.  Further, if the parties have not resolved their discovery dispute raised by Plaintiff in his "Motion to Compel Production of Documents and Tangible Things" [ECF No. 49], Defendants are to file an Opposition, to Plaintiff's motion [ECF No. 49] on or before **November 30, 2022**.  Upon completion

1

21cv363-MMA(LR)

of the briefing the Court will take Plaintiff's motions [ECF Nos. 49 & 59] under submission pursuant to Civil Local Rule 7.1(d) and will issue a written order.

3. Due to a conflict on the Court's calendar, a video Mandatory Settlement Conference ("MSC") currently scheduled for March 1, 2023, at 9:00 a.m. is **RESET** for **March 8, 2023**, at **9:30 a.m.**, before Magistrate Judge Lupe Rodriguez, Jr. **Counsel for Defendants shall arrange Plaintiff's video appearance with the institution housing Plaintiff.** All discussions at the MSC will be informal, off the record, privileged, and confidential. The following rules and deadlines apply:

   a. **Appearance via Videoconference Required**: All named parties, party representatives, claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC. Counsel appearing without their clients will be sanctioned, and the Court will terminate the conference.

   b. **Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. A government entity may be excused from this requirement so long as the government attorney who attends the MSC has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

   c. **Confidential Settlement Statements Required**: On or before **March 1, 2023**, the parties shall submit directly to Magistrate Judge Rodriguez's chambers (via hand delivery, mail, or by e-mail to the Court at efile_rodriguez@casd.uscourts.gov), confidential settlement statements. The statements

---

[1] "Full settlement authority" means that a person is authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or a sum certain authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

are limited to ten (10) pages, plus an additional ten (10) pages of exhibits.  A settlement statement must outline (1) the nature of the case and the claims, (2) the party's position on liability or defenses; (3) the party's position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) a summary of any previous settlement negotiations or mediation efforts.  The settlement statement **must specifically identify what the discovery process revealed** and the effect that the evidence has on the issues in the case.  To the extent specific discovery responses, portions of deposition testimony, or expert reports are pertinent to the Court's evaluation of the matter, these documents must be attached as exhibits.  Evidence supporting or refuting either party's claim for damages must also be identified and included as an exhibit.

     If a party cannot make a specific demand or offer, then the party must explain why a demand or offer cannot be made and when the party will be able to state a demand or offer.  The settlement statement should be submitted confidentially and need not be shared with other parties.

     **d.**    The Court will e-mail each MSC participant an invitation to join a Zoom video conference.  No later than **March 1, 2023**, Defendants' counsel must send an e-mail to the Court at efile_rodriguez@casd.uscourts.gov containing the following:

     (1)    The **name of each participant**;

     (2)    An **e-mail address for each participant** to receive the Zoom video conference invitation; and

     (3)    A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be able to proceed telephonically instead of by video conference.

/ / /
/ / /
/ / /
/ / /
/ / /

1   All other deadlines and requirements set in the Court's "Second Amended
2   Scheduling Order Regulating Discovery and Other Pre-trial Proceedings" remain
3   unchanged.  (See ECF No. 67.)
4   **IT IS SO ORDERED**.
5   Dated:  November 3, 2022

Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge