UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. FAUNCE,<br><br>                          Plaintiff,<br><br>v.<br><br>J. MARTINEZ, et al.,<br><br>                          Defendants. | Case No.:  21cv363-MMA(LR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION [ECF NO. 95]** |

On October 21, 2022, Plaintiff filed a "Motion for Order to R.J. Donovan Prison's Litigation Coordinator, V. McCee, Requiring Service of Defense Documents on Plaintiff the Next Business Day After Receipt From Defense Counsel by Fax." (ECF No. 95.) Plaintiff asks the Court to do the following:

> order the defendants to mail serve plaintiff and fax serve the Richard J. Donovan Correctional Facility Coordinator, V. McCee, all documents related to this case, and order V. McCee to ensure that plaintiff receive[s] all such documents within one business day of McCee's receipt, i.e., Monday through Friday inclusive, state and federal holidays excluded.

(Id. at 4.)

In support, Plaintiff states that he does not have access to the Court's electronic filing system, the only way he could receive "defense filings" is by mail, and he did not

timely receive defense filings in the past. (Id. at 1, 3–4.) He further alleges that his legal mail is frequently delayed and his outgoing legal mail "has been tampered with." (Id. at 1.) Plaintiff also contends that "the only way that [he] can be assured of receiving all filings and discovery documents from defense counsel is if a prison official who receives such documents is held accountable for ensuring that plaintiff actually gets them and does so in a timely manner," and the prison's Ligation Coordinator, V. McCee should be charged with that task. (Id. at 1–2.) Plaintiff argues that the fax service to a prison employee is "the most efficient way to ensure fairness and timely filing by [P]laintiff." (Id. at 3.)

      The Court initially notes that its review of the docket indicates that all Court orders in this case were mailed to Plaintiff, and no mail from the Court was returned undelivered. (See Docket.) Further, Plaintiff's correctional institution's address listed in the proof of service forms included in Defendants' numerous pleadings filed in this case matches Plaintiff's address listed on the docket. (See ECF No. 15 at 14; ECF No. 26 at 3; ECF No. 38 at 18; ECF No. 41 at 3; ECF No. 44 at 3; ECF No. 48 at 3; ECF No. 50-2 at 1; ECF No. 58 at 11; ECF No. 60 at 4; ECF No. 74 at 15; ECF No. 78 at 9; ECF No. 81 at 18; and ECF No. 86 at 206.) Plaintiff fails to provide any applicable legal authority to support his motion for order requiring Defendants to fax serve nonparty Litigation Coordinator McCee all documents related to this case, and requiring nonparty Litigation Coordinator McCee to serve defense documents on Plaintiff the next business day after receipt from defense counsel by fax. Accordingly, the Court **DENIES** Plaintiff's motion. See Guerrero v. McClure, No. CIV S–10–0318 GEB DAD P, 2011 WL 4566130, at *11 (E.D. Cal. Sept. 29, 2011) (denying plaintiff's motion for appointment of legal assistant); see also Coles v. Eagle, CIV. NO. 09-00167 LEK-BMK, 2011 WL 13350037, at *1 (D. Hawaii, Mar. 31, 2011) (citing Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989) ("The in forma pauperis statute, 28 U.S.C. § 1915, does not authorize payment of an indigent litigant's general litigation expenses."). If Plaintiff requires additional time to respond to any filings by Defendants, in light of any alleged delays associated with legal

1  mail delivery at Plaintiff's correctional institution, Plaintiff may request a narrow
2  continuance of the deadline from the Court at that time.
3      **IT IS SO ORDERED.**
4  Dated:  November 3, 2022

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge