# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. FAUNCE,<br><br>  Plaintiff,<br><br>v.<br><br>J. MARTINEZ, et al.,<br><br>  Defendants. | Case No. 21-cv-363-MMA (WVG)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO PREVENT TRANSFER**<br><br>[Doc. No. 104] |

On October 27, 2022, Plaintiff David W. Faunce ("Plaintiff") filed an *ex parte* motion to prevent the CDCR from transferring him to another prison during the pendency of this litigation. In support of his motion, Plaintiff attaches a "Classification Committee Chrono." *See* Doc. No. 104 at 6–7. Because Plaintiff brings this motion *ex parte*, the Court treats it as a request for a temporary restraining order. *See* Fed. R. Civ. P. 65(b).

Plaintiff is currently being housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California. According to Plaintiff's motion and its attachment, Plaintiff is in Facility D, a level III placement at RJD, while he is classified for level II placement. On October 4, 2022, RJD's Facility D Unit Classification Committee elected to endorse Plaintiff for transfer to another prison. At this hearing, Plaintiff specifically requested that he be kept at RJD while this litigation is ongoing. Nonetheless, the

Committee informed him that he is a level II inmate and requires proper housing. While the chrono reflects that Plaintiff obtained level II endorsement on October 27, 2021, Plaintiff contends that he has been at level II for some seven years. Plaintiff explains that he has recently had several pre-transfer screening appointments at the medical clinic, suggesting that transfer is imminent. Plaintiff asserts that he is being transferred in retaliation for pursuing this litigation.

The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical"). Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008).

"A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted." *Pac. Radiation Oncology, Ltd. Liab. Co. v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)). When considering whether to afford relief sought in a motion for preliminary injunction that differs from the final relief sought in a complaint, the Ninth Circuit has explained that "there must exist a relationship between the injury claimed in a motion for injunctive relief and the conduct alleged in the underlying complaint." *Id.* at 638.

Here, Plaintiff's First Amended Complaint is limited to claims of retaliation and conspiracy to retaliate against certain named RJD officials in violation of the First Amendment, stemming from the alleged destruction of Plaintiff's typewriter. Plaintiff now claims in his motion that unnamed persons—presumably members of the Classification Committee—are retaliating against him by endorsing his transfer to another prison. Prisoners have no liberty interest in avoiding being transferred to another prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225–27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per

curiam); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989).  However, prisoners may not be transferred in retaliation for exercising their First Amendment rights.  *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985); *cf. Gomez v. Vernon*, 255 F.3d 1118, 1127–28 (9th Cir. 2001).  Nonetheless, this new retaliation claim against unknown persons does not appear to be sufficiently connected to his claims in this case.  To that end, a plaintiff cannot circumvent the requirement of commencing an amended or additional civil complaint against additional parties simply by asking for a preliminary injunction.  *See Devose v. Herrington*, 42 F.3d 470, 471 (9th Cir. 1994).  Moreover, section 1983 plaintiffs are required to exhaust administrative remedies before seeking relief from a federal court.  42 U.S.C. § 1997e(a).  A plaintiff similarly cannot sidestep the prerequisites for filing a civil action by seeking immediate relief tethered to claims not set forth in pending litigation.  *See Jones v. Paramo*, No. 18-CV-2039-LAB(WVG), 2019 U.S. Dist. LEXIS 193161, at *6–7 (S.D. Cal. Nov. 6, 2019).

     Further, Plaintiff does not seek injunctive relief with respect to his housing at RJD by way of this case.  That said, pursuant to the First Amended Complaint, Plaintiff asks the Court to enjoin Defendants from retaliating against him for exercising his First Amendment right to seek redress.  Doc. No. 34 at 29.  But again, the persons allegedly retaliating against Plaintiff according to this motion are not Defendants in this case.  Accordingly, there similarly does not appear to be a sufficient nexus between the relief sought in this case and Plaintiff's motion.

     Even assuming there is a sufficient nexus between these claims and relief sought, the Court is doubtful it has the authority to grant the relief Plaintiff seeks.  "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985).  RJD Warden R. Madden is not a party to this litigation.  *See* Doc.

No. 104 at 5. And while CDCR Secretary Allison was joined in this action, the Court specifically limited her involvement to Plaintiff's request for replacement of his typewriter. *See* Doc. No. 61 at 17 (joining "Secretary Allison in her official capacity *solely with respect to Plaintiff's request for equitable relief in the form of replacement of his typewriter*") (emphasis added). Consequently, the Court does not have jurisdiction to order the CDCR and RJD's Warden to maintain Plaintiff's current housing placement until the conclusion of this case.

Assuming the Court has the authority to enjoin RJD and the CDCR from transferring Plaintiff, Plaintiff has not demonstrated he is entitled to such extraordinary relief. Rule 65(b) sets forth the specific procedure required for the Court to grant injunctive relief *ex parte*:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if*:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*
>
> (B) the movant's attorney certifies in writing any efforts made to give notice *and* the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

Similarly, [a] plaintiff seeking injunctive relief "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22. "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary

remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

Requests for prospective relief are further limited by the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right." 18 U.S.C. § 3626(a)(1)(A). Section 3626(a)(2) places significant limits upon a court's power to grant preliminary injunctive relief to inmates, and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of California*, 220 F.3d 987, 998–99 (9th Cir. 2000). Further, a request for preliminary injunction in the prison context must be viewed with great caution as judicial restraint is especially called for when dealing with "the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 519 (8th Cir. 1995) (citations omitted); *see also Walker v. Woodford*, 454 F. Supp. 2d 1007, 1030 (S.D. Cal. 2006).

Plaintiff fails to meet his burden of demonstrating entitlement to *ex parte* injunctive relief. As to the procedural requirements, Plaintiff does not argue or otherwise provide specific facts for why he will be irreparably harmed if Defendants are permitted to respond to his motion. As a result, he fails to satisfy Rule 65(b)(1)(A). Moreover, while Plaintiff contends that transfer is imminent, he does not demonstrate any irreparable injury, loss, or damage that will result absent a temporary restraining order. "This showing is the 'single most important prerequisite for the issuance of a [TRO].'" *Harnden v. Perez*, No. 21-CV-09231-LHK, 2021 U.S. Dist. LEXIS 254963, at *7 (N.D. Cal. Dec. 8, 2021) (quoting *Universal Semiconductor, Inc. v. Tuoi Vo*, No. 5:16-CV-04778-EJD, 2016 U.S. Dist. LEXIS 164513, 2016 WL 9211685, at *2 (N.D. Cal. Nov. 29, 2016)). In order to meet the "irreparable harm" requirement, Plaintiff must do more than simply allege imminent harm; he "must *demonstrate* immediate threatened injury."

*Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original). This requires Plaintiff to demonstrate by specific facts that he faces a credible threat of immediate and irreparable harm unless an injunction issues. Fed. R. Civ. P. 65(b). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine*, 844 F.2d at 674–75.

The Court is sympathetic to Plaintiff's age and medical conditions, which may make level II placement uncomfortable or less desirable than his current sleeping arrangement. But mere discomfort, or a vague and unsupported contention that Plaintiff will "become a target for attack," Doc. No. 104 at 2, is insufficient to warrant the extraordinary remedy of a temporary restraining order. Moreover, although Plaintiff argues he will be prevented from taking depositions should he be transferred, this harm is purely conjectural. Plaintiff does not explain how a transfer will wholly foreclose the ability to take depositions; that the process may be more difficult or inconvenient does not amount to irreparable injury that warrants immediate *ex parte* relief. Plaintiff's assertions simply do not demonstrate that immediate, irreparable damage or injury will result absent the Court's intervention.

Consequently, the Court **DENIES** Plaintiff's *ex parte* motion for a temporary restraining order preventing his transfer to another prison.

**IT IS SO ORDERED**.

Dated: November 8, 2022

HON. MICHAEL M. ANELLO
United States District Judge