**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID W. FAUNCE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>J. MARTINEZ, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 21-cv-363-MMA (WVG)<br><br>**ORDER SUSTAINING PLAINTIFF'S RULE 72 OBJECTION AND DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**<br><br>[Doc. No. 91] |

Plaintiff David W. Faunce ("Plaintiff"), a California state prisoner proceeding *pro se*, brings this civil rights action against officials at the R.J. Donovan Correctional Facility ("RJD") pursuant to 42 U.S.C. § 1983. *See* Doc. No. 34 ("FAC"). On September 14, 2022, United States Magistrate Judge William V. Gallo issued an order denying Plaintiff's request for entry of default against Defendants. *See* Doc. No. 82 (the "Default Order"). On September 19, 2022, Plaintiff filed objections to Judge Gallo's Default Order. *See* Doc. No. 91 at 5. Defendants filed an opposition, to which Plaintiff replied. *See* Doc. Nos. 96, 108. For the reasons set forth below the Court **SUSTAINS** Plaintiff's objection.

## I. Background

On March 2, 2021, Plaintiff filed a civil rights complaint against P. Covello as acting Warden of RJD, acting Correctional Captain J. Martinez, Correctional Lieutenant E. Ortiz, Correctional Lieutenant H. Terrel, Correctional Sergeant C. Godinez, and Correctional Officer T. McWay. Doc. No. 1 ("Complaint") at 2–4. On June 30, 2021, the Court dismissed Plaintiff's claims against Warden Covello for failure to state a claim and directed the U.S. Marshal to effect service on the remaining Defendants: Martinez, Ortiz, Terrel, Godinez, and McWay. Doc. No. 4. On September 13, 2021, Defendants Martinez, Ortiz, Godinez, and McWay filed waivers of service, *see* Doc. Nos. 10–13; Defendant Terrel's waiver was returned unexecuted, *see* Doc. No. 7. On September 21, 2021, Defendants Martinez, Ortiz, Godinez, and McWay filed an answer. Doc. No. 15.

On June 27, 2022, the Court granted in part Plaintiff's motion for leave to file a First Amended Complaint. Doc. No. 61. In particular, the Court permitted Plaintiff to amend his Complaint to correct Defendant H. Terrel's name to "H. Ferrel." *Id.* at 9. The Court also joined CDCR Secretary Kathleen Allison as a Defendant in her official capacity solely with respect to Plaintiff's request for replacement of his typewriter. *Id.* at 12.

Consequently, the Court directed a summons to issue as to Defendants Ferrel and Allison. *Id.* at 43. The Court also directed Plaintiff to complete an IFP package and return it to the U.S. Marshal for service within fourteen (14) days of receipt. *Id.* The Court ordered the U.S. Marshal to then serve the summons and First Amended Complaint upon Defendants Ferrel and Allison within fourteen (14) days of receipt. *Id.* Finally, the Court ordered all Defendants to respond to the First Amended Complaint "no later than fourteen (14) days after receipt of service upon Defendants Ferrel and Allison." *Id.*

On July 15, 2022, Defendants Allison and Ferrel filed a waiver of service. Doc. No. 66 (the "Waiver"). Three days later, the U.S. Marshal returned executed service waivers. Doc. Nos. 68, 69 (the "Executed Service Waivers"). According to the Executed Service Waivers, the U.S. Marshal received the IFP package on July 6, 2022. *Id.* On that

same day, the U.S. Marshal sent the summons and complaint to Defendants Allison and Ferrel via certified mail. *Id.*

On July 25, 2022, Plaintiff filed a motion to vacate the Waiver, arguing that he did not request a waiver of service. Doc. No. 71. Judge Gallo denied Plaintiff's motion. Doc. No. 73. In doing so, Judge Gallo noted that "Defendants Allison and Ferrel's waiver of service of Plaintiff's Amended Complaint has no bearing on their obligation to timely respond to the Amended Complaint in light of Judge Anello's June 27, 2022 Order." *Id.* at 1–2.

On August 1, 2022, all Defendants filed an Answer to the First Amended Complaint. *See* Doc. No. 74. On that same day, Plaintiff signed and dated a request for entry of default against all Defendants, which was received and filed with the Court on August 4, 2022. Doc. No. 77. Defendants opposed Plaintiff's request for default, *see* Doc. No. 78, and Plaintiff filed a reply, *see* Doc. No. 79. On the same day Plaintiff filed his reply, he also filed a motion to strike Defendants' opposition to his request for default and Defendants' Answer. Doc. No. 80. Defendants opposed Plaintiff's motion to strike. Doc. No. 81.

On September 14, 2022, Judge Gallo denied Plaintiff's request for entry of default. *See* Default Order. Thereafter, Judge Gallo denied Plaintiff's motion to strike.[1] Doc. No. 85. Plaintiff now objects to Judge Gallo's Default Order.

## II. LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless "it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "The 'clearly

---

[1] Plaintiff contends in his objection that his motion to strike "is still pending before Judge Anello." Doc. No. 91 at 1. However, as noted, his motion was set before and ruled on by Judge Gallo on September 22, 2022. *See* Doc. No. 85.

erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, No. 15-cv-595-BAS (MDD), 2017 WL 3335736, at *1 (S.D. Cal. Aug. 4, 2017) (quoting *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000)). "Under Rule 72(a), [a] finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Waterfall Homeowners Ass'n v. Viega, Inc.*, 283 F.R.D. 571, 575 (D. Nev. 2012) (internal quotation marks and citation omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (citation omitted).

### III. DISCUSSION

Having reviewed Plaintiff's objection, the parties' briefing, the Default Order, and the entire docket, the Court **SUSTAINS** Plaintiff's objection.

Plaintiff sought the entry of default under Rule 55(a), not default judgment under Rule 55(b). *See* Doc. No. 77. "The entry of default must be distinguished from a default judgment. Rule 55 requires a two-step process. The first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." 10 Moore's Federal Practice – Civil §55.10[1] (2022); *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting that Rule 55 entails a two-step process). Pursuant to Rule 55(a), "[w]hen the default is brought to the attention of the court, by affidavit or otherwise, the clerk must enter the default on the court's docket. The clerk has no discretion on this matter." 10 Moore's Federal Practice - Civil § 55.10 (2022); *see also* Fed. R. Civ. P. 55(a). On the other hand, default judgment at step two is a discretionary action governed in the Ninth Circuit by the *Eitel* factors. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).

Consequently, it was in error for the Court to treat Plaintiff's request as one seeking default judgment and apply the *Eitel* factors and discretionary standard. For this reason, the Court **SUSTAINS** Plaintiff's objection.

Nevertheless, it is abundantly clear that default under Rule 55(a) was not and is not appropriate and therefore that the ultimate result of the Default Order—denying Plaintiff's request—was correct.

Defendants Ferrel and Allison received service on July 15, 2022. *See* Executed Service Waivers; Waiver; *see also* Doc. No. 96 at 2. Fourteen days from July 15, 2022 was Friday, July 29, 2022, and Defendants' Answer was due on that date. Accordingly, Defendants' August 1, 2022 Answer was one business day late.

Although Plaintiff's motion is dated August 1, 2022, there is no indication when it was placed in the mail,[2] and at the time the Court received it for filing on August 4, 2022, *see* Doc. No. 77, Defendants' Answer was already on the docket, *see* Doc. No. 74.

This was simply not the situation contemplated by Rule 55. Before Plaintiff filed his motion for default, all Defendants appeared through counsel, and all clearly indicated their intent to defend this action. It is also undeniable that Defendants have vigorously defended—as that term is generally understood—this action since its inception. To be sure, the original Defendants answered the initial Complaint, *see* Doc. No. 15, opposed Plaintiff's motion to strike their previous answer, Doc. No. 20, and motion to amend his complaint, Doc. No. 38, participated in a mandatory settlement conference, Doc. No. 21, and filed a motion for summary judgment, Doc. No. 44—just to name a few of their efforts. Moreover, since seeking default, Plaintiff has propounded discovery on all Defendants, and all parties have engaged in substantial discovery and motion practice.

Even assuming the Clerk was required to enter default against Defendants *after* they filed their untimely Answer, it is clear Defendants would have been entitled to have the Court set aside the entry. Rule 55(c) provides that the Court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In determining whether good cause exists

---

[2] Plaintiff's certificate of service reflects that he mailed his motion to the Court and opposing counsel on August 8, 2022. *See* Doc. No. 77 at 5. However, the document reflecting service on August 8 was received on August 4.

to vacate entry of default, the Court considers three factors: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (alterations in original).

Defendants' counsel has repeatedly maintained that the missed deadline was due to a calendaring error. *See, e.g.*, Doc. No. 78. Consequently, the one-day delay was the result of excusable neglect and not intentional. *United States v. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) ("[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'") (quoting *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). Defendants also have meritorious defenses. *See* Doc. No. 74. Moreover, the weekend delay caused no discernable prejudice to Plaintiff. Had the Clerk entered default upon receipt of Plaintiff's motion on August 4, 2022, based upon the already-filed Answer, "reopening" the case that same day, or shortly thereafter, would have resulted in no appreciable prejudice to Plaintiff as well. The Court is also particularly mindful that it set a shortened window for Defendants to respond to the Amended Complaint. This was not to provide Plaintiff with the means to achieve a case-ending sanction for minor noncompliance, nor did the Court contemplate such a harsh result. The Court set the deadline instead to ensure that the case, at this stage of the litigation, proceeded in a timely fashion.

Accordingly, whether the Court had treated Defendants' Answer or their opposition to Plaintiff's motion as a request to set aside default, preemptive or otherwise, they would have been entitled to such relief. For that reason, default was not appropriate and Judge Gallo reached the correct conclusion in denying Plaintiff's request. In accordance with the Ninth Circuit's strong preference, the case will now proceed to and

be decided on the merits. *See, e.g., NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

### III. CONCLUSION

Accordingly, while the Court **SUSTAINS** Plaintiff's objection it nonetheless finds that default against Defendants was not and is not warranted.[3]

**IT IS SO ORDERED**.

Dated: November 30, 2022

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] Even if the Court directed the Clerk to enter default at this time, it would undoubtedly be swiftly followed by a motion to set aside the default, which would be granted for these same reasons discussed.
 The Court also notes that Plaintiff has attempted to preclude Defendants from defending themselves in this action despite their clear intention to do so, by filing several requests for default and motions to strike. *See* Doc. Nos. 9 (motion for default against original Defendants), 18 (motion to strike answer to Complaint), 28 (motion for default against "H. Terrel"), 77 (motion for default against all Defendants), 80 (motion to strike Defendants' opposition to motion for default and Answer to First Amended Complaint). To the extent Plaintiff seeks to achieve the result of default (whether through a motion for such relief or via a motion to strike their Answer) as a sanction under the Court's inherent authority, the Court would similarly decline to do so. *See Barefield v. HSBC Holdings PLC*, No. 1:18-cv-00527-LJO-JLT, 2019 U.S. Dist. LEXIS 29710, at *9 (E.D. Cal. Feb. 22, 2019) ("[C]ourts rarely grant motions to strike answers. Indeed, federal courts in this and other circuits generally hold that the untimeliness of an answer, even if extreme[], is not, by itself, a sufficient reason for granting a motion to strike.") (internal quotation marks omitted) (collecting cases), *affirmed* 834 F. App'x 438 (9th Cir. 2021). Thus, whether analyzed under the Court's inherent power to levy sanctions or the good cause standard of Rule 55(c), default is not appropriate.