**FILED**

Jan 27 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY        s/ shellyy        DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. FAUNCE, | ) |
| Plaintiff, | ) |
| | ) |
| vs | ) |
| | ) |
| K. ALLISON, et al., | ) |
| | ) |
| Defendants, | ( |
| | ) |

3:21-cv-00363-MMA-(LR)

Judge:  Hon. Michael M. Anello
Trial Date:  None Set
Date Filed:  3/2/21

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE
RULING ON DISCOVERY MOTIONS TO COMPEL
ADMISSIONS AND DOCUMENTS AND TANGIBLES**

David W. Faunce, C-53742
R.J. Donovan Corr. Facility
480 Alta RD., FD-18-142
San Diego, CA. 92179

In Propria Persona

# TABLE OF CONTENTS

|  | Page(s): |
|---|---|
| TABLE OF CONTENTS | i |
| TABLE OF AUTHORITIES | ii-111 |
| MOTION TO COMPEL SUFFICIENT ADMISSION RESPONSES TO ECF ## 59, 59-1, 102-1, DEFENDANTS MARTINEZ, ORTIZ, GODINEZ | 1-7 |
| ECF # 102-1, pp. 1-35    Def. Martinez, RFA # 8 | 1-3 |
| ECF # 102-1  pp. 36-78  Def. ORTIZ, RFA ## 8, 9 | 4-5 |
| ECF # 102-1  pp. 36-78  Def. GODINEZ, RFA 6, 20 | 6-7 |
| MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS: ECF # 49, RPD ## 3,4,6,8: DEFENDANT J. MARTINEZ | 7-21 |
| RPD # 3 | 7-15 |
| RPD # 4 | 15-17 |
| RPD # 6 | 17-20 |
| RPD # 8 | 20-21 |
| CONCLUSIONS | 21 |

PltfObjctECF# 149                    3:21-cv-0363-MMA-(LR)

# TABLE OF AUTHORITIES

**Federal Citation:**                                                      **Page(s):**

<u>Atmel Corp.</u> v <u>Authentic, Inc.</u>                                      2, 4
    2008 U.S. Dist LEXIS 10850 (N.D. Cal. 2008)


<u>Benney</u> v <u>Medivest Health, Inc.</u>                                    2, 4
    2019 U.S. Dist. LEXIS 116619 (D. Kan. 2019)
    2019 WL 3066425


<u>Burlington Nor. & Santa Fe Ry</u> v <u>U.S. Dist Court</u>                  14
    408 F.3d 1142 (9th cir. 2005)


<u>Bryant</u> v <u>Armstrong</u>                                                5, 7
    285 FRD 596 (S.D. Cal. 2018)


<u>Chism</u> v <u>County of San Bernardino,</u>                                 20
    159 FRD 531 (C.D. Cal. 1994)


<u>Davis</u> v <u>Fendler,</u>                                                  8
    650 F.2d. 1154 (9th cir. 1981)


<u>Eusse</u> v <u>Vitela,</u>                                                   12, 19
    2015 U.S. Dist LEXIS 167660 (S.D. Cal. 2015)


<u>Exfauxdecor, LLC</u> v <u>Smith,</u>                                         2, 4, 6
    2017 U.S. Dist. LEXIS 96989 (D. Kan. 2017)


<u>Finjan, Inc.</u> v <u>ESET, LLC,</u>                                         17
    2018 U.S. Dist. LEXIS 48525 (S.D. Cal. 2018)


<u>Goolsby</u> v <u>City of San Diego,</u>                                      14
    2019 U.S. Dist. LEXIS 106299 (S.D. Cal. 2019)


<u>Howard</u> v <u>De Azevedo,</u>                                             13
    2013 U.S. Dist. LEXIS 168365 (E.D. Cal. 2013)
    2013 WL 1747018


<u>In re Outlaw Labs Litigation,</u>                                          9, 15
    2020 U.S. Dist. LEXIS 113376 (S.D. Cal. 2020)

PltfObjECF# 149                                   3:21-cv-0363-MMA-(LR)

**Federal Citation:**                                                    **Page(s):**

**Jones** v **Pitchford**,                                                    14
    2021 U.S. Dist. LEXIS 119202 (E.D. Cal. 2021)

**Kehaku** v **Wallace**,                                                    14
    2022 U.S. Dist. LEXIS 113959 (E.D. Cal. 2022)

**Kelly** v **City of San Jose**,                                          11, 12
114 FRD 665 (N.D. Cal. 1987)

**Kerr** v **U.S. District Court**,                                          11
    511 F.2d.192 (9th cir. 1975)

**Mañago** v **Davey**,                                                     10
2017 U.S. Dist LEXIS 144339 (E.D. Cal. 2017)

**Marti** v **Boires**,                                                     13, 19
    2014 U.S. Dist. LEXIS 608501 (E.D. Cal. 2014)
    2014 WL 1747018

**Miller** v **Panucci**,                                                   10, 19
    141 FRD 292 (C.D. Cal. 1992)

**Nutrition Distrib. LLC** v **PEP Research, LLC**,                          5, 6
2018 U.S. Dist. LEXIS 393336 (S.D. Cal. 2018)

**Panola Land Buyers Ass'n,** v **Shuman**,                                  8
    762 F.2d. 1550 (11th cir. 1985)

**Petconnect Rescue, Inc.** v **Salinas**,                                  3, 6, 7
    2022 U.S. Dist. LEXIS 26501 (S.D. Cal. 2022)

**Ramirez** v **Gutierrez**,                                                12, 19
    2021 U.S. Dist. LEXIS 197356 (S.D. Cal. 2021
    2021 WL 47776632

**Rodriguez-Bernal** v **Beard**,                                           15
    2019 U.S. Dist LEXIS 56406 (E.D. Cal. 2019

**Safeco Ins. Co. of America** v **Rawston**,                               17
    183 FRD 668 (C.D. Cal. 1998)

**Sherman** v **University of California**,                                  15
    2022 US Dist. LEXIS 56406 (ND. Cal 2022)

**Soto** v **City of Concord**,                                             15
    162 FRD 603 (N.D. Cal. 1994)

////

////

## Federal Citation:                                               Page(s):

Spence v Kaur,                                                        3
        2020 U.S. Dist. LEXIS 237677 (E.D. Cal. 2020)

Taylor v O'Hanneson,                                                 14
        2014 U.S. Dist. LEXIS 81269
        2014 WL 2696585

## NOTHING FOLLOWS

David W. Faunce, C-53742
R.J. Donovan Corr. Facility
480 Alta RD., FD-18-142
San Diego, CA. 92179

In Propria Persona


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAVID W. FAUNCE,                    )    3:21-cv-0363-MMA-(LR)
                                    )
         Plaintiff,                 )
                                    )
              vs                    )    PLAINTIFF'S OBJECTIONS TO THE
                                    )    MAGISTRATE JUDGE"S ORDER OF
K. ALLISON, et al.,                 )    January 10, 2023 [ECF # 149]
                                    )
         Defendants,                )    Judge:  Hon. Michael M. Anello
                                    )    Trial Date:  None Set
————————————————————————————————————)    Date Filed:  3/2/21

     Pursuant to 28 U.S.C. § (b)(1)(C), plaintiff objects to the

Magistrate Judge's Discovery order of January 10, 2023 [ECF # 149] as

follows:

     1.   The Magistrate Judge erred by ruling that Plaintiff's motion

to Determine Sufficiency of Admission Responses by Defendant J. Martinez

[ECF # 59-1] was moot.  Defendant Martinez idd not provide supplemental

responses until after Plaintiff had filed his moiton to compel. According-

ly, the issue of costs to bring the motion is not moot and may be raised

by separate motion in the future. See: F.R.C.P. Rule 37(a)(5).

     2.   The MaGISTRATE Judge erred by ruling that Plaintiff's Motion to

Determine Sufficiency of Responses by Defendant E. Ortiz and Defendant C.

Godinez did not provide supplemental responses until after plaintiff

filed his motion to compel [ECF # 59].  Accordingly the issue of costs

to bring this motion is not moot and may be raised by separate motion

in the future. F.R.C.P., Rule 37(a)(5).

3.    Plaintiff's Amended Motion to Detrmine Sufficiency of admission Responses by Defendant J, Martinez [ECF # 102-1 at 1-35]: the Magistrate Judge erred by denying Plaintiff's motion to compel defendant Martinez to supplement his response to RFA # 8. This request asked Martinez to admit that "Classification of an RVR requires an evaluation of the facts alleged in its text and any supporting reports or other evidence submitted with it."

Martinez made several boilerplate objections and then supplementally responded, "Subject to and without waiving any objection, and based on his understanding of the request, Defendant Martinez responds as follows: 'Admit that classification of an RVR requires compliance with Classification of Rule Violation Report (RVR) and Cal Code Regs. tit 15. Art. 5, Inmate Discipline, Sections 3310 through 3326."

This response is evasive and improper for three reasons: (1) the response is circular, stating that classification requires compliance wiht classification; (2) the response is non-responsive as the request did not ask baout CDCR regulations; rather it asked about the facts alleged and supporting evidnece; (3) the response is conditional (subject to and without waiving an objection) and qualified ("based on his understanding of the request"). Plaintiff acoridngly cannot determine the extent to which Martinez's answer is shaped by his (unmeritorious) objections or his unexplained "understanding" of the request. See e.g. Benney v Medivest Health, Inc., (D. Ks. 2019) 2019 U.S. Dist. LEXIS 116669/2019 WL 3066425 * 15 (holding that conditional responses such as 'subject to' are improper and confusing because one cannot determine whether the response fully addresses the subject matter); See also: Atmel Corp. v Authentec, Inc. (N.D. Cal. 2008) 2008 U.S. Dist. LEXIS !)*%) * 8;( See also: Exfauxdecor v Smith, (D. Kan. 2017) 2017 U.S.

2

**Para. 3**, Cont'd:

Dist LEXIS 96989 * 3 ("the court also finds that the qualifier 'to the extent the defendant understands the request' to be improper"). Because Martinez' request is a conditional and qualified response it must be treated as the equivalent of no response. Thus, the Magistrate Judge should have ordered Martinez to further supplement and actually respond to the substance of the request. See: F.R.C.P. Rule 37(a)(4)("For purproses of subdivision (a), an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer or respond."). **Accord**: F.R.C.P., Rule 36(a)(4)("adenial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.")[1]

Furthermore, waived his objections by answering, and doing so conditionally. See: PetConnect Rescue, Inc. v Salinas, (S.D. Cal. 2022) 2022 U.S. Dist. LEXIS 26501 *9-00 ("Defendants' objections are waived because they provided condiitonal responses (i.e. 'without waiving said objections'). This is improper and constitutes a waiver of objections."). ; Spence v Kaur, (E.D. Cal. 2020)) 2020 U.S. Dist LEXIS 237677 * 7("Failure to make a timely objection is not the only way in which an objection can be waived. A voluntary answer...is also a waiver of the objection'") citing Wright & Miller Fed. Proc. & Practice § 21703 3d Ed. 2020).

////

---

[1]: The proper classification issue is relevant becaue the RVR included a photograph of a cell phone and accessories which had the wrong cell number on it. Martinez should have inquired into this rather obvious discrepency, and lack of chain of custody in the rVR text.

3

4.    The Magistrate Judge erred by denying Plaintiff's Motion to Determine sufficiency of Admission Responses by Defendant E. Ortiz and by Defendant C. Gozinez. [ECF # 102-1 at 36-78] and compel first, Ortiz to supplement his responses to RFA ## 8, Request # 8 asked Ortiz to admit that "On 6/8/19, while supervising cell searches of Block 18, you were shown a cell phone and accessories allegedly found in plaintiff's cell, 18-143." Ortiz' supplemental response denied that he was supervising the cell searches of Building 18 on that date (no defendant has either acknowledged supervisiing the officers conducting the searches or identified a Sergeant or a Lieutenant who was), leaving the inane concluison that they were acing totally unsupervised), and asserted that he could not recall whether he was shown such items.

The latter response indicates that he was present in Building 18 during at least a portion of the searches and is appprently inconsistent wiht the former response, as there is no logical reason for a Lieutenant to be ppresent other than to provide supervision of junior officers; Ortiz' supplemental response was "subject to and without waiving" his objection that "supervising" was vague and ambiguous", and was also "based on hsi understanding of the request." Thus, the Magistrate Judge should have treated Ortiz conditional and qualified responses as no response at all and either deem them admitted or ordered a further response. uynder Benney, supra, Atmel Corp., supra, and EzFauxdecor, LLC, supra per F.R.C.P. Ruel 37(a)(4). Martinez also waived his objection to the term "supervising" by conditionally and voluntarily answering the request. See: PetConnect Rescue Inc., and Spence, supra.

////

4

Moreover, this is not an exercise to elicit the same answer, i.e. "I do not recall." Ortiz has a duty to to seek out the answer, and if he cannot find it out he must disclose the efforts he made to do so, allowing the plaintiff and this court to assess the adequacy of such efforts. See: <u>Nutrition Distributors, LLC</u> v <u>PEP Research, LLC</u>, (S.D. Cal. 2018) 2018 U.S. Dist. LEXIS 393336 *155("[A] party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery and...is under an affirmative duty to seek that information reasonably available"). <u>**Accord**</u>: <u>Bryant</u> v <u>Armstrong</u>, (S.D. Cal. 2012) 285 FRD 596, 612("The responding aprty must state ... that he is unable to provide the information and must describe the efforts he used to try to obtain the information").

Ortiz has the ability to inquire of staff and he could review the RVR, the disposition and evidence to refresh his memory. Given that defendant McWay allegedly found the cell phone (but no one knows how the typewriter ended up being thrown away in the trash or who trashed it) the uniqueness of the situation would likely be recalled as this is not a typical item of contraband. One would expect that the reason for taking it would have been disclosed and contemporaneously discussed.

<u>RFA No. 9</u>

Plaintiff asked Ortiz to admit that, "on 6/8/19, while supervising cell searches in 18 Block, you were apprised of a cell phone and access-ories found in plaintiff's cell, D-18-143." Ortiz gave the same response as he did for RFA # 8 (he denied that he was supervising the cell search-es and stated that he did not recall being apprised). The Magistrate Judge erred for the same reasons as he did for RFA # 8, ante.

////

////

### Godinez

### RFA No. 6

The magistrate erred by denying plaintiff's motion to compel a further response to RFA # 6.   RFA # 6 asked Goidnez to admit, "You were acquainted with the K-9/I.S.U. Officer who searched plaintiff's cell on 6/8/19."  Godinez objected that "aquainted" was vague and ambiguous, the then responded, "Subject to and without waiving  the foregoing object- ions.'." that he lacked sufficient knowledge or information to form a belief as to whether he is aquainted with the K-9 Oficer referred to in the request at the present time."  But, after plaintiff filed his motion to compel, Godinez served supplemental answers to plaintiff's interrog- atories in which Godinez identified four I.S.U. Officers (from other prisons allegedly) who conducted searches of D-18 Blokc on 6/8/19. See: [ECF # 143 @ 4:14-19.

At least one of the four officers  must have been a K-9 Officer, unless the K-9 Officer was a fabrication. Because Godinez' response was conditional ("Subject to and wihtout waiving objections") Godinez not only waived his objections under Petconnect Rescue, supra; Spence, supra, but his improper response must also be treated as if he made no response at all; Godinez failed to fulfill his duty to seek out responsive information and, if unsuccessful, describe in detail his efforts to find an answer under Nutrition Distrib, supra and Bryant, supra.  Thus a further response hsould have been ordered, or the matter demed admitted. F.R.C.P. Rule 37(a)(4).

### RFA No. 20

The Magistrate Judge erred by denying plaintiff's motion to compel a further response to RFA No. 20.  This RFA asked Godinez to admit,

6

**RFA No. 20, Cont'd:**

"Plaintiff's memory typewriter was damaged and deemed inoperable during the cell search of plaintiff's cell on 6/8/19." Godinez objects that the request was "compound," then responded, " Subject to and without waiving the objection," that "he lacks sufficient knowledge or information to form a belief as to the truth of whether the typewriter was damaged during the cell search of Plaintiff's cell on June 8, 2019 and thereon became inoperable, and based thereon denied the request."

Again, Godinez waived his objections by voluntarily answering the request. PetConnect Rescue, supra and Spence, supra. And, because again Godinez conditioned his response, his improper evasive response deemed so under Benney, supra, should be treated as no response at all. F.R.C.P. Rule 37(a)(4). Most important to the substance of Godinez' response is that he doesn't provide any information about his efforts, if any, to find out the answer. See: Nutrition Dist., supra and Bryant, supra.

## 5. **Plaintiff's Motion To Compel Documents [ECF No. 49]**

The Magistrate Judge erred by denying Plaintiff's moiton to Compel his requests for production of documentsagainst Defendant J. Martinez, numbers 3, 4, 6, and 8 - all of the erquests Plaintiff moved for an order to compel. (Plaintiff agreed to withdraw his motion as to requests 5 and 7).

### RPD No. 3:

RFP No. 3 sought ocmplaints by rpisoners and others against Defendant Martinez over a five year period (1/1/16-12/2/21). Such documents are highly relevant tto Martinez' credibility, and knowledge of misconduct

<u>RPD No. 3</u>  Cont'd:

as he denies involvement in the conspiracy to retaliate against plaintiff for his legal activities and "chill" plaintiff's ability litigate and exercise his First Amendment rights by falsely accusing him of cell phone possession as a rpetext to to seize and destroy plaintiff's memory typewriter.

Martinez objected, based on overrbeadth, relevancy, proportionality Official Informaiton privilege, and state law rights to privacy under a state law regulation that purports to prohibit access to another inmate's case records file, medical file or component thereof. See: ECF # 49 @ 4, citing 15 CCR § 3370(c). The Magistrate Judge denied the request as overbroad.

The defendant bore the burden of to establish the merits of his objections and privilege claims and to support them with a detailed explaination of each one. <u>Davis</u> v <u>Fendler</u>, 650 F.2d. 1154, 1158 (9th cir. 1981). Boilerplate objections such as overbroad without specific detailed support must be rejected. <u>Panola Land buyers Assoc.</u> v <u>Shuman</u>, 762 F.2d. 1550, 1554-1555 (11th cir. 1985). The request was time-limited and Martinez made no showing of any burden involved in reviewing his personnel file , files regarding allegations of staff misconduct, or inmate grievance files, all of which are electronically stored and maintained, and searchable, with the possible exception of his personnel file which is a discrete file located in a readily-accessible locale. nel file Nor can the Magistrate Judge's denial be justified by any of Martinez' other objections. The relevance to Mattinez' credibility is obivous, and is heightened to the extent that any such complaints allege facts amounting to retaliation. Proprotionality is governed by <u>F.R.C.P.</u> Rule 26(b)(1), which identifies six factors the court should

8

<u>RPD No. 3</u>, Cont'd:

consider: (1) importance of the issues at stake; (2) amount in contro-
versy; (3) the parties relative access to information; (4) the parties'
resources; (5) importance of the discovery in resolving the issues;
(6) whether the burden/expense of responding outweighs the its likely
benefit.

Here, Martinez addressed none of the factors in his opposition
thus failing to meet his burden to support the objection. See: ECF #
**114 @ 6:15-24.** The factors overwhelmingly favor discovery  A constitu-
tional right is of paramount importance.  Although the amount in contro-
versy may appear modest if replacement of the typewriter with one with
enlarged memory capability that is the focus, that focus ignores the
difficulty of valuing deprivation of a constitutional right and replace-
ment relative to Plaintiff's prison pay of $1500-$20.00/month for his
menial job, which is the sole source of income. See: ECF # 120-2 (pltf's
declaration supporting his motion to deem RFA's 1-5 to K. Allison Ad-
mitted, para 3 at pg. 2).

Thus, a $375.00 typewriter exceeds plaintiff's annual income. And,
Plaintiff has no other access to the information sought by through the
discovery process.  He has almost no resources with which to challenge
the State's unlimited resources.  The defendant's credibility is of
utmost and critical importance, considering that the only way Plaintiff
can prove his case is through circumstantial evidence of the conspiracy
itself. <u>In re Outlaw Labs LP Litigation</u>, (S.D. Cal. 2020) 2020 U.S. Dist.
LEXIS 113376 ("Short of a deposition witness admitting to how the scheme
was established and the principals' intentions to defraud it is unlikely
that the counter-claimant will have any other method of establishing

9

**RPD No. 3**, Cont'd:

these elements")(overruling a proportionality objection and allowing disocvery of communications with a law firm).  Lastly, the burden to Martinez is minimal given that counsel knows precisely where to look and the searchable nature of mostly electronically-maintained information.

### Official Information Privilege

Martinez' Official Information Privilege  objection fails because he has not established the elements required under federal law and his reliance on State Law is misplaced. The issue of whether Official Infor- mation privilege ("OIP") is governed exclusively by federal law in the case. Miller v Panucci, 141 FRD 292, 299 (C.D. Cal. 1992)("Because California law plays no part in construing the  Federal Rules of Evidence, there is no need to consider state law in determining privilege quest- ions."); Manago v Davey, (E.D. Cal. 2017) 2017 U.S. Dist. LEXIS 144339 *10(allowing discovery of a "confidential" memo explaining why the prisoner was transferred  to a SHU (Security Housing Unit)  for pur- portedly being 'an active predatory inmate.'  The prisoner alleged retaliation  for filing grievances  and a civil lawsuit.

In denying the OIP objection the court explained that "discovery in federal court is not governed by California's Code of Regulations ro or other state law...questions of privilege are resolved by federal law"). Id. FRD

In determining whether OIP applies, the courts must conduct z case-by-case analysis , balancing the the state's interests asserting the privilege wiht the interests of the party seeking discovery. Sanchez vCity of Santa Ana, 936 F.3d. 1027, 1033 (9th cir. 1990). This balance is pre-weighted in favor of discovery/disclosure. Id. Accord: Kelly v

10

<u>RPD No. 3</u>, Cont'd:

<u>City of San Jose</u>, 114 FRD 653, 661 (N.D. Cal. 1987).  And, before the court is required to conduct the blaance, the party claiming OIP must make a "substantial threshold showing" in which that party must "state with specificity the rationale of the claimed privilege." <u>Soto</u> v <u>City of Concord</u>, 162 FRD 603, 613; <u>Kerr</u> v <u>U.D. Dist. Court</u>, 511 F.2d. 192, 198 (9th cir. 1975).

Defendant acknowledges that he has the burden to make a substantial showuing of the privilege including through an affidavit "from the head of the Department which has control over the matter." <u>Panucci</u>, supra, 141 FRD @ 300.  That affidavit must include (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a  speciifc identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff; (4) a description of how disclosure subject to a carefully crafted protective order  would create a substantial risk of harm to significant governmental or privacy interests, and, (5) a projection of how much harm would be done to the threatened interests if disclosure were made. <u>Kelly</u>, supra, 114 FRD $70.

In an attempt to satisfy this requirement, defendant submitted the declaration of Correctional Lieutenant at R.J. Donovan prison who happened  to be temporarily assigned as the Litigation Coordinator, a job she no longer holds. See ECF # 114. The Centeno declaration is appended  hereto as <u>Appendix A</u>

////

11

**RPD No. 3**, Cont'd:

Ms. Centeno's declaration fails to meet the Kelly threshold requirements in the following four respects. First, she is not the "department head who has control over" the records at issue. She is neither head of the Personnel Department nor is she the custodian of any records maintained by the prison, with the possible exception of records regarding inmate lawsuits involving the prison and its personnel. But her declaration says nothing about those records.

Second, the only records she says she reviewed are "those parts of Defendant Martinez' personnel records involving staff investigations prompted by inmate or staff complaints." (Centeno Decl.para 7 @ 3: 13-14)) This is insufficient because (i) the request is not limited to only complaints that were "investigated;" (ii) there is no indication that she reviewed inmates' grievances against Martinez which are maintained in a separate electronic file; and (iii) the requets was not limited to personnel file records, _e.g._ in addition to grievances, complaints made by letter to a superior such as the Warden or an associate Warden.

Third, the description of why any disclosure  subject to a protective order is inadequate, conclusory and speculative. (Appendix A, para. 9 at 4:3-13).  Plaintiff is in a single cell. Nothing prevents him from from maintaining confidentiality of his records from other prisoners. Moreover, redaction of private information suhc as home addresses, phone numbers, full names or informant identities  would be amply sufficient to protect any legitimate interests. Ramirez v Gutierrez, (S.D. Cal.2021) 2021 U.S. Dist. LEXIS 197356/2021 WL 4776332 *6. See also: Eusse v Vitela, (S.D. Cal. 2015) 2015 U.S. Dist LEXIS 167660/2015 WL 9008634 *4 ("[T]he names and identifying information of individuals who

12

<u>RPD NO. 3</u>, Cont'd:

made the ocmplaints, as well as other probation officers who were not involved in the indicent may be redacted"). But the names and cell numbers of prisoners involved should not be redacted because "such information is readily available to the public." <u>Marti</u> v <u>Boires</u>, (E.D. Cal. 2014) 2014 U.S. Dist. LEXIS 60850/2014 WL 1747018 *5; See also; <u>Howard</u> v <u>De Azevedo,</u> (E.D. Cal. 2013) 2013 U.S. Dist. LEXIS 168365/ 2013 WL 6185054 *9("Inmates names prison identification numbers cell assignments are generally not private information.").

Fourth, the projection of how much harm would be done to the threat-ened interests if the disclosure were made is pure conjecture. For example, Centeno concludes that inmates "may obtain and use information to undermine staff's authority, to manipulate them, or perhaps mark staff for retribution." <u>Appx A, para. 5 at3: 4-6</u>. Given that the only information sought by the request is is complaints, the conclusory allegations and speculaitons are illusory. How could the existence of a complaint, or even the outcome of one, facilitate those results? Simply because an inmate learns about a complaint, that does not pose a threat to a staff member or his/her authority, nor does it give an inmate any leverage.

Courts have not hesitated to grant motions to compel regarding complaints ocnplaints against prison staff in civil rights cases, and especially in retaliation cases. <u>Jones</u> v <u>Pitchford</u>, (E.D. Cal. 2021) 2021 U.S. Dist lexis 119202 *6-10 (granting a prisoner's request to produce complaints and disciplinary actions from Correctional Officers' files, including personnel files in a case involving discrimination

<u>RPD No. 3</u>, Cont'd:

against muslim prisoners) <u>Kehaku</u> v <u>Wallace</u>, (E.D. Cal. 2022) 2022 U.S.

Dist.LEXIS 113959 *17 (ordering production of complaints from officers'

perosnnel files  because "Plaintiff is entitled to certain discovery

materials related to his retaliatory cell search claims."); <u>Goolsby</u> v

<u>County of San Diego</u>, (S.D. Cal. 2019) 2019 U.S. Dist LEXIS 106299 @12-13

(ordering production of inmate complaints in a conditions of confinement

case and rejecting an objection that the burden of finding such com-

plaints was disproportionate to the needs of ther case).

The reason that other complaints and disciplinary actions are rele-

vant is  the tendency to establish patterns, and they put superiors on

notice of the potential for misconduct by subordinate(s). <u>Taylor</u> v

<u>O'Hanneson</u>, (E.D. Cal. 2014) 2014 U.S. Dist. LEXIS  81269/2014 WL 2696585

*5.              "[C]omplaints and/or disciplinary actions
                 may help establish a pattern or practice...
                 ....where professional conduct is called
                 into question. Further, such documents would
                 bear upon...(a defendant;s) notice...of
                 prison misconduct." 2014WL2696585 @ *5.

<u>Taylor</u>, supra, also held that admissibility at trial is not the test
for discovery of such documents.:

                 "Admisibility of character evidence is a
                 proper objection to be raised at trial
                 but not necessarily in the discovery
                 phase.  Even at trial, evidence that would
                 be inadmissible to prove one's character
                 may be admissible for other purposes." <u>Id</u>.

Defendant Martinez also failed to submit a privilege log, which

is required to maintain a claim of privilege. <u>Burlington Nor & Santa Fe</u>

<u>Ry</u> v <u>U.S. Dist. Ct.</u> 408 F.3d. 1142, 1148 (9th cir. 2005).(A party claiming

privilege "must provide sufficient information  to enable other parties

to evalate the applicability of the claimed privilege"). See also;

14

Sherman v University of California,(N.D. Cal. 2022) 2022 U.S. Dist. LEXIS56406 *8-9 ("A privilege log that merely lists 'OfficialInformation Privilege' as the reasons for withholding documents is insuffcient"). A fortiori, failure to justify assertion of the Official Information privilege wiht an adequate declaration and privilege log requires over-ruling of the privilege. Rodriguez-Bernal v Beard, (E.D. Cal. 2019) 2019 U.S. Dist. LEXIS 216968/2019 WL 6877863 *5.

Absent dicovery, plaintiff is prejudiced by a denial of access to complaints against the defendants, as he must rely exclusively on circumstantial evidence to prove his claims obtainable only through written discovery from the only osurce(s) of that information. Moreover, plaintiff is unable to faford depositions due to indigency. OUtlaw Labs LP Liitigation, supra.

### RPD No. 4

Plaintiff requested all internal written communication and those between the "CDCR/R.J. Donovan prison and J. Clark Kelso/U.S. District Court, N.D. California" regarding the discontinuation of inmateco-pays for medical/dental services and appliances and charging pruisoners for Durable Medical Equipment ("DME" between 10/1/18 and 4/30/19."

In June, plaintiff sought habeas relief challenging CDCR and RJD poliçy of charging Plaintiff for a dental prosthesis as a violation of Penal Code § 2600. While this petiiton was pending before the Califor-Supreme Court, the legislature repealed the existing statute author-izing this policy on 1/1/1919, On 2/22/19, the Office of J. Clark Kelso, Federal Receiver for CDCR Medical Services, issued memorandum # 2-19 including Dental prostheses as DME.

////

15

**RPD No. 4**, Cont'd:

Plaintiff alleges that his litigation was the catalyst that brought about the legislative change, and that there were communications between the courts and legislature and the Federal Receiver J. Clark Kelso's office  that caused that office to issue Memorandum # 2-19.  Plaintiff further alleges that his role in the litigation was one of the retaliatory motives  for the seizure and destruction of his memory typewriter. (SEE: FAC, ECF # 34 @ apra. 6-10).

Martinez objected on over-breadth, relevancy, proportionality, privacy and "because the vagueness of the request means that it could encompass documents protected by the Official Information privilege and the defendant reserves the right to assert his objections  if the request is more defined." )See: ECF # 114 at 8;3-5).

The Magistrate Judge denied the request as overbroad and irrelevant. This is error for the folowing reasons: (1) the request is highly relevant to his claim of retaliation and motive element of this claim. Evidence of ocmmunication s by CDCR staff that plaintiff's litigation in June 2018 was on their radar and that it played a role in eliminating a source of income for the prisons amounting perhaps in the millions of dollars annually is circumstantial evidence of retaliatory motive.

Furthermore, plaintiff asked for communications over a narrow time span of <u>seven months</u>  coinciding with the likely progression of AB-45 which repealed CDCR's authority to charge for DME.

(2)  the request is not over-broad is that communications between CDCR and J. Clark Kelso's office are obviously restricted to a few employees who could reaidly search their files and such as email

16

<u>RFP No. 4</u>, Cont'd:

communications and other electronically created communications. Thus, the burden to respond is nowhere nearly as rgeat as Martinez claimed. Lastly, the reservation of objections such as OIP is not allowed by the F.R.C.P. <u>Safeco Ins. Co. of America</u> v <u>Rawston</u>, (C.D. Cali 1998) 183 FRD 668, 671 ("if a party may not reserve an objection explicitly, it should not be permitted to do so implicitly"); <u>Finjan, Inc.</u> v <u>ESET, LLC</u>, (S.D. Cal. 2018) 2018 U.S. Dist. LEXIS 48525 *7 ("Written responses to [discovery] must be unconditional, and may not reserve the right to raise objections in the future").  Discovery should be permitted and ordered as requested.

<u>RFP No. 6</u>,

Plaintiff requested "any and all CDC-115 Rules Violation Reports involving the discovery and seizure of cell phones from inmates at RJD, D-Facility, by Investigative Services Unit (ISU) employees/dog handlers, including supporting photographs showing where the cell phone was dis- covered in the cell or location where discovered during the period of January 1, 2018 through 1/20/20."

The defendant objected based on over-breadth, inmate privacy citing 15 CCR § 3370(c) prohibiting one inmate from seeing other inmates' case files or records, unit health records or components thereof and OIP (per ECF #49, motion at 5-6). The Magistrate Judge denied the request as overbroad.  That is clearly erroneous as set forth below.

////

////

<u>RFP No. 6</u>, Cont'd:

First, there was confusion about the request because Martinez incorrectly labeled the request "No. 7" as this request (No. 6) in his opposition (ECF # 114 at 8:19-23).  At the hearing, Plaintiff agreed to withdraw his motion to compel as to Request # 7 (requested documents relied upon for each defense in the answer to the original complaint), but he did not withdraw no. 6.

In his papers Defendant Martinez did not address the text of RFP # 6 anywhere, so it was actually unopposed.  Nonetheless, the Magistrate allowed defendant's counsel to argue the objections interposed to # 6 and denied it as overly broad.

Plaintiff has repeatedly alleged that he was falsely accused of cell phone possession, and when at his disciplinary hearing, was given two photographs of a staged cell phone and accessories with the wrong cell number superimposed on them.  Evidence suggests that it was not defendant McWay who initially discovered (allegedly) the purported cell phone that was allegedly in plaintiff's typewriter, but an I.S.U. Officer/K-9 Unit who smashed open the typewriter before McWay "discovered" it.  Thus it was the I.S.U. officer (Officer Pickett) who actually discovered it but did not follow established protocols tha required he photograph the phone in situ before removing it.

Thus, this radical departure from established protocol by I.S.U. officer(s) makes the request relevant as plaintiff was/is suspicious in that no photos were taken of the cell phone where McWay stated he discovered it, and even whether there ever was one at all.  Plaintiff is entitled to documents that show this departure from protocol and

18

**RFP No. 6, Cont'd:**

Whether the cell phone in the photos he received and charged with, matches any of the other cell phones seized within a reasonable time period.around the date he was accused of possession.  Additionally, plaintiff is also entitled to disprove defendant's assertion that no such protocols existed regarding photographing discovered contraband in situ, but rather a custom and habit, something far less rigid than established protocol,in terms of obeisance. And, the defendants admit that only I.S.U. officers are equipped with digital cameras to enable them to follow this protocol.  The photographs accompanying these RVR's will and do show evidence of this protocol.

Furthermore, the time period is not overly broad — three years. It is calculated to show the protocol existed before plaintiff's case, and continued as an exclusive province of I.S.U until 1/1/20 when all correctional staff were required to wear digital body cameras.  The request should have been granted.

The defendant's argument that a California regulation bars access to the documents is wrong because, (1) RVR's, although placed in a prisoners central file does not make it a confidential document per se. See: <u>Marti</u> v <u>Boires</u>, supra, ante @ p. 13 lines 2-8.. An RVR contains only a prisoner's name, prison number and cell number, and (2) California law such as administrative regulations  does not determine a privilege in a federal question case.  <u>Miller</u> v <u>Panucci, supra.</u> (See ante @ pg.10 lines 6-10).  And, upon proper showing of need, a valid privacy issue could be addressed through redaction. <u>Ramirez</u> v <u>Gutierrez</u> <u>supra, 2021</u> WL 4776332 *6 (S.D. Cal. 2021; <u>Eusse</u> v <u>Vitela</u>, supra, 2015 WL 9008634 * 4 (S.D. Cal. 2015).

/////

19

<u>RPD No. 6,</u> Cont'd:

Finally, OIP does not restrict or prevent production of the RVR's requested by RFP # 6  for the same reasons addressed regarding RFP # 3, supr at pp. 10-14, ante. And another reason that OIP cannot be upheld regarding this request, namely the Centeno declaration (<u>Appx A hereto</u>) does not state that she had reviewed any of the RVR's erquested.  That failure is fatal to the assertion of OIP.  <u>Chism</u> v <u>County of San Bernardino</u>, (C.D. Cal. 1994) 159 FRD 531, 533; <u>Rodriquez-Bernal</u> v <u>Beard</u>, <u>supra, at 15:1-6 ante.</u>

<u>RFP No. 8</u>

Plaintiff requested "all documents showing the annual amounts of monies collected by CDCR from all prisons, institutions and facilities under CDCR control resulting from enforcement of former 15 CCR 3350-3358 for the period of 1996 through 2020.  The defendant objected on relevance, citing FRE 401 and FRCP Rule 26(b)(1), overbreadth, and proportionality.  The Magistrate Judge denied the request on relevance.

Plaintiff alleged that his litigation efforts that overturned the enforcement of the CDCR co-pay scheme (15 CCR 330-3358) and charging for DME was part of the retaliative motive for seizing and destroying plaintiff's memory typewriter, "chilling" his exercise of 1st Amendment rights.

The magnitude of the impact from plaintiff's efforts to overturn the medical/dental co-pay scam is relevant to the degree that impact influenced the defendants' motives.  This is especially true of high-echelon Supervisory/Management staff such as Martinez, an acting

20

**RFP No. 8**, Cont'd:

Correctional Captain in charge of the entire "D" Facility at RJD who is in the loop concerning such impact and plaintiff's contribution to it. Plaintiff will be rpejudiced without this information because it is an important piece of circumstantial evidence of motive, available nowhere else. Furthermore retrieving it present no significant burden on CDCR as it obviously maintatined this information in its accounting records all electronically stored.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the court grant his objections to the Magistrate Judge's discovery rulings.

DATED: 1-20-23

Respexcfully submitted,

David W. Faunce, C=53742

Plaintiff In Propria Persona

21



1  ROB BONTA
   Attorney General of California
2  JAY M. GOLDMAN
   Supervising Deputy Attorney General
3  DARBY WILLIAMS
   Deputy Attorney General
4  State Bar No. 183580
    455 Golden Gate Avenue, Suite 11000
5   San Francisco, CA  94102-7004
    Telephone:  (415) 510-3360
6   Fax:  (415) 703-5843
    E-mail:  Darby.Williams@doj.ca.gov
7  *Attorneys for Defendants*
   *Martinez, Godinez, Ortiz, and McWay*
8
                IN THE UNITED STATES DISTRICT COURT
9
            FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10

11

12

13  DAVID W. FAUNCE,                        3:21-cv-00363 MMA WBG

14                          Plaintiff,      DECLARATION OF R. CENTENO
                                            IN SUPPORT OF DEFENDANTS'
15            v.                            ASSERTION OF OFFICIAL
                                            INFORMATION PRIVILEGE IN
16  COVELLO, et al.,                        RESPONSE TO PLAINTIFF'S
                                            REQUEST FOR DOCUMENT
17                          Defendants.     PRODUCTION, SET ONE

18                                          Judge:      The Honorable William
                                                        V. Gallo
19                                          Trial Date:  None Set
                                            Action Filed:    3/2/2021
20

21  I, R. Centeno, declare:

22       1.     I am a Correctional Counselor II employed by the California Department

23  of Correctional and Rehabilitations (CDCR) and assigned to Richard J. Donovan

24  State Prison (RJD).  I am employed by CDCR as RJD's litigation coordinator.  I am

25  competent to testify to the matters set forth in this declaration and, if called upon, I

26  would so testify.  I submit this declaration in support of Defendants' assertion of

27  the official-information privilege in response to Plaintiff David Faunce's (CDCR

28  No. C53742) Request for Production of Documents, Set One.

2.    I am familiar with the CDCR's policies and procedures for classifying documents as confidential. I am also familiar with RJD's policies governing classification of certain documents as confidential. When documents are classified as confidential, they are restricted from inmate view and from public disclosure for safety and security reasons. I am familiar with the numerous ways in which disclosure of confidential information can threaten the safety and security of inmates, prison officials, and members of the public.

3.    The Office of the Attorney General informed me that Inmate David Faunce requested documents pertaining to records concerning complaints made against Defendant Martinez between January 1, 2016 and December 2, 2021 and that this request included any and all dispositions, disciplinary actions taken, dismissals by CDCR or referrals by CDCR to the Internal Affairs Division as well as any and all CDC-115 Rules Violation Reports involving the discovery of cellular phones by inmates at RJD, Facility D, by members of the Investigative Services Unit (ISU) and that Faunce is also requesting documents such as photos related to those incidents.

4.    CDCR considers staff training records and disciplinary documents to be confidential and maintains them as confidential, like other portions of personnel files. Maintaining such documents as confidential allows the CDCR to conduct evaluative and corrective investigations without risk that such internal audits will be made available to inmates or their un-incarcerated associates for use against CDCR and its personnel. This guarantee of confidentiality also promotes honesty and cooperation from witnesses to any staff investigations and from the personnel being investigated. This cooperation, in turn, assists CDCR in correcting personnel problems and maintaining the safety and security of its institutions.

5.    Allowing the dissemination of confidential personnel information, including but not limited to the full names, home addresses, phone numbers, pictures, and personnel file materials including training and disciplinary records of

2

1   staff, to prison inmates like Inmate Faunce may be particularly detrimental and
2   dangerous. Inmates and staff work in close proximity. And, despite CDCR's best
3   efforts, inmates maintain clandestine information networks. If confidential staff
4   information is disclosed to one inmate, other inmates may obtain and use
5   information to undermine prison staff's authority, to manipulate them, or perhaps to
6   mark staff for retribution.

7       6.      Documents describing the training afforded to staff contain confidential
8   information, including information on policies, procedures, and practices specific to
9   the institution and the training afforded to staff to utilize on a daily basis and during
10  emergency situations. The disclosure of this information exposes staff at the
11  institution in question to undue risk.

12      7.      As discussed above, personnel records are strictly confidential to inmates.
13  I have reviewed those parts of Defendant Martinez' personnel records involving
14  staff investigations prompted by inmate or staff complaints. These files contain
15  private identifying information about Defendant and third-parties, protected by state
16  privacy laws. Moreover, information in these records could be used to embarrass,
17  extort, undermine, or promote aggression against the Defendant and family
18  members, or to identify and target confidential sources.

19      8.      Additionally, investigative documents concerning the policies and
20  practices of the institution, issuance of Rules Violation Reports, and the fruits of
21  any investigative efforts by RJD staff to root out contraband and prohibited items,
22  such as cellular phones that endanger the security of the institution, must be
23  protected from dissemination to the inmate population so as to ensure the success of
24  future efforts to control the flow of contraband into and out of the institution, the
25  identity of confidential sources that have assisted in the discovery of these items, as
26  well as the methodology of conducting such investigations. Also the existence of a
27  CDCR 115 as issued to another inmate is confidential to that particular inmate and
28

3

R. Centeno OIP Dec  (3:21-cv-00363 MMA WBG)

1   Plaintiff Faunce may not have access to any other inmate's disciplinary related

2   document per Cal. Code Regs., tit. 15, §3370(c).

3      9.      Disclosure subject to a carefully crafted protective order would also

4   create a substantial risk of harm to significant governmental or privacy interests.

5   An inmate does not have the ability to maintain the records in a confidential manner

6   and creates further danger of other inmates having access to the information.

7   Redacting personal information would not also necessarily protect confidentiality.

8   Nor is confidential information safe simply because it is marked for attorney's eyes

9   only.  Even if an attorney honors the designation of confidential information, a

10   represented inmate may nonetheless learn of restricted information through the

11   inadvertent disclosure of the attorney or his staff.  In short, there is simply no way

12   for a protective order to guarantee that the confidential information will not make

13   its way into the inmate population, and the potential harm is too severe to risk.

14      10.      For the forgoing reasons, the documents pertaining to Defendant

15   Martinez' training records and any and all complaints or grievances against

16   Defendant Martinez as well as any named Defendant, and any documents regarding

17   the confiscation of contraband, must remain confidential and exempt from

18   disclosure under the official-information privilege.

19      I declare under penalty of perjury that the foregoing is true and correct and

20   that this declaration was executed on January 3RD, 2022, in Chula Vista, San Diego

21   County, California.

22

23                              R. Centeno, CII
                                Litigation Coordinator
24                              Richard J. Donovan
                                State Prison
25

26

27

28

4

1    Dated: January 3RD, 2022                    Respectfully submitted,

2                                                ROB BONTA
                                                 Attorney General of California
3                                                JAY M. GOLDMAN
                                                 Supervising Deputy Attorney General
4

5                                                *Darby M. Williams*

6                                                DARBY WILLIAMS
                                                 Deputy Attorney General
7                                                *Attorneys for Defendants*
                                                 *Martinez, Godinez, Ortiz, and*
8                                                *McWay*

9    SF2021303994

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

R. Centeno OIP Dec  (3:21-cv-00363 MMA WBG)

## PROOF OF SERVICE BY MAIL

Re:    **Faunce v Allison, et. al.,**
       **3:21-cv-0363-MMA-(LR)**

I, DAVID W. FAUNCE, depose and state:

1. I am a United States citizen over the age of 18 years. a resident of the State of California as a state prisoner; my current address is: R. J. Donovan Correctional Facility, 480 Alta Road, San Diego, California. I AM a party to the above-entitled action.

2. On this 25ᵗʰ day of ___JANUARY___, 20 23, I caused a true and duplicated copy(s) of the original(s) of the following document(s) entitled:

OBJECITONS TO MAG-JUDGE DISCOVERY ORDER [ECF-149]

to be placed in a sealed envelope(s) with First Class postage affixed and prepaid and thereafter I relinquished all possession and control thereof by placing said envelope(s) containing said documents into the hands of the proper Institution authority pursuant to 15 Cal. Code of Regulations, 3142 and Institution Procedures, with the understanding that said sealed envelope(s) would be immediately placed into the United States mails for delivery to the following addressee(s):

Non. Michael M. Anello, U.S. Dist. Judge
U.S. DISTRICT COURT S.D. Cal.
221 W. Broadway, Dept. 3A
San Diego, CA. 92101

Corinna Arbiter, D.A.G
DEPT OF JUSTICE
600 W. Broadway, Ste 1800
San Diego, CA. 92101

To the best of my personal knowledge there is First Class mail delivery service to the aforementioned addressee(s) from R.J. Donovan Correctional Facility, San Diego, California.

I declare under the penalty of perjury under the laws of the State of California and United States that the foregoing is true and correct.

Executed this 25ᵗʰ day of ___JANUARY___, 20 23, at R.J. Donovan Correctional Facility, 480 Alta Road, San Diego, California.

David W. Faunce, C-53742

Declarant



Lonnie Kocontes
BN 8076
480 Alta Rd.
San Diego, CA 92179

Hasler
01/26/2023
$00.65

28 02178
01101104013G

Hasler
01/26/2023
$02.00

28 02178
01101104013G

CLERK OF COURT
U.S. DISTRICT COURT, S.D. Cal
221 W. Broadway, Dept. 3A
San Diego, CA, 92101

CONFIDENTIAL
LEGAL MAIL