UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. FAUNCE,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>J. MARTINEZ, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 21cv363-MMA(LR)<br><br>**ORDER DENYING DEFENDANTS' EX PARTE MOTION TO EXCUSE DEFENDANT MACOMBER FROM APPEARING AT THE MANDATORY SETTLEMENT CONFERENCE**<br>**[ECF NO. 167]** |

On February 15, 2023, Defendants filed an "Ex Parte Application Requesting Leave to Excuse Defendant, Secretary Macomber, from Attendance at Mandatory Settlement Conference." (ECF No. 167.) They move the Court to excuse Defendant Jeff Macomber, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), from personally appearing at the Mandatory Settlement Conference ("MSC") scheduled for March 8, 2023. (Id. at 2.) In support, Defendants assert that Secretary Macomber is sued in his official capacity, this action is against CDCR, and this Court's order setting MSC allows a government entity to be excused from being present at the settlement conference so long as certain conditions are met. (Id.) Defendants further contend that defense counsel Arbiter will be present at the MSC, and "settlement

1

decisions and full monetary authority in this case lie with Attorney Arbiter." (Id.) Defendants also argue that requiring Secretary Macomber to personally attend the MSC will "divert him from his daily responsibilities," disrupt "normal activity at CDCR," and "impact handling of numerous other matters." (Id. at 2–3.)

Defense counsel Arbiter states in her supporting declaration that she discussed Defendants' request with Plaintiff on February 14, 2023, and Plaintiff "was opposed to excusing Sec'y Macomber from attending the MSC." (Id., Decl. Corinna S. Arbiter at 5.) During the February 21, 2023 Discovery Conference with the Court, Plaintiff confirmed that he opposed Defendants' *ex parte* motion.

On November 3, 2022, the Court issued an order setting a video MSC for March 8, 2023, and requiring the following in Section 3:

> **a.     Appearance via Videoconference Required**:  All named parties, party representatives, claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC.
>
> . . . .
>
> **b.     Full Settlement Authority Required**:  A party or party representative with full settlement authority must be present at the conference.  A government entity may be excused from this requirement so long as the government attorney who attends the MSC has (1) primary responsibility for handling the case, and (2) authority to negotiate and recommend settlement offers to the government official(s) having ultimate settlement authority.

(ECF No. 98 at 2 (emphasis added, footnote omitted).)

The Court's order setting the MSC clearly requires "[a]ll named parties" to appear at the conference. (See id.)  On June 27, 2022, District Judge Anello granted Plaintiff's request for leave to join CDCR Secretary Allison as a Defendant in her official capacity "with respect to Plaintiff's request for equitable relief in the form of replacement of his typewriter." (ECF No. 61 at 12.)  On December 12, 2022, Mr. Macomber became the

1 | Secretary of CDCR, and is now a named Defendant in this action. (See ECF No. 167 at
2 | 2; https://www.cdcr.ca.gov/about-cdcr/secretary/ (last visited on February 22, 2023)); see
3 | also Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a
4 | party."). Accordingly, Secretary Macomber's presence at the MSC is required by the
5 | Court's order. Defendants' citation of Section 3(b) of the order titled "Full Settlement
6 | Authority Required," which states that the Court "may" excuse a government entity from
7 | appearing with "full settlement authority" at the MSC, does not support their *ex parte*
8 | request because Secretary Macomber is a named party in this suit and his presence is
9 | required by Section 3(a) of the Court's order.

The Court is mindful that Mr. Macomber has numerous duties and responsibilities in his new role as the Secretary of CDCR. Nevertheless, the MSC in this case will be conducted via videoconference, which will significantly minimize any inconvenience and expenditure of time associated with attending the MSC. Further, Secretary Macomber's attendance of the MSC is vital to productive settlement discussions in this case in light of the injunctive relief Plaintiff seeks.

Accordingly, the Court does not find good cause to excuse Secretary Macomber from appearing at the MSC and **DENIES** Defendants' *ex parte* motion. Secretary Macomber is **ORDERED** to appear via videoconference during the March 8, 2023 MSC.

**IT IS SO ORDERED**.

Dated: February 23, 2023

_____
Honorable Lupe Rodriguez, Jr.
United States Magistrate Judge